# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARY C. BAILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-10-227-SPS |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER AWARDING
## ATTORNEYS' FEES TO THE PLAINTIFF UNDER THE EAJA

The Plaintiff was the prevailing party in this appeal of the Commissioner of the Social Security Administration's decision denying benefits under the Social Security Act. The Plaintiff seeks an award of attorneys' fees in the amount of $6,737.30 under the Equal Access to Justice Act, 28 U.S.C. § 2412. The Commissioner indicates that he has no objection to an award of $6,737.30 to the Plaintiff, but *does* object to the proposition that counsel will refund only the excess payment in the event that counsel is later awarded fees under 42 U.S.C. § 406(b).

Upon review of the record herein, the Court finds that said amount is reasonable and that the Commissioner should be ordered to pay it to the Plaintiff as the prevailing party herein. *See* 28 U.S.C. § 2412(d)(1)(A) ("Except as otherwise specifically provided by statute, a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action [.]"). *See also Manning v. Astrue*, 510 F.3d

1246, 1249-50 (10th Cir. 2007), *cert. denied*, __ U.S. __, 129 S. Ct. 486, 172 L. Ed. 2d 355 (2008).  In addition, should Plaintiff's counsel ultimately be awarded attorney's fees pursuant to 42 U.S.C. § 406(b), Plaintiff's counsel shall refund the smaller amount to Plaintiff.  *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).[1]

Accordingly, Plaintiff's Application for the Award of Attorney's Fees Under the Equal Access to Justice Act [Docket No. 27] is hereby GRANTED, and the Commissioner is hereby ordered to pay attorneys' fees in the amount of $6,737.30 to the Plaintiff as the prevailing party herein.

**IT IS SO ORDERED** this 17th day of January, 2012.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma

---

[1] As noted in this Court's Opinion and Order Awarding Attorney's Fees Under 42 U.S.C. § 406(b) [Docket No. 30] in Case No. CIV-09-163-SPS, *Neal v. Astrue*, the attorneys may not, as the instant motion suggests, treat the EAJA award as a credit against the Plaintiff's account or otherwise "net out" the EAJA award against any future Section 406(b) award.  *See McGraw,* 450 F.3d at 497 n. 2.  *See also Gisbrecht,* 535 U.S. at 796 ("Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant *the amount of the smaller fee*.'"), *quoting* Act of Aug. 5, 1985, Pub. L. 99-80, § 3, 99 Stat. 186 [emphasis added].